**LOCAL BANKRUPTCY FORM 3007-1**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 13** |
| **RONALD ANDREW WIEST** | : | |
| **Debtor** | : | **CASE NO. 1:25-bk-02697** |
| | : | |
| **RONALD ANDREW WIEST** | : | |
| **Objector** | : | |
| | : | |
| **LEONARDO COLEMAN,** | : | |
| **Respondent/Claimant** | : | |

## NOTICE OF OBJECTION TO CLAIM #8 AND DEADLINE TO REQUEST HEARING

**TO: LEONARDO COLEMAN ("Claimant")**

Ronald Andrew Wiest has objected to your $171,000.00 proof of claim and asks the Court to disallow Claim No. 8 in full or, alternatively, allow only the amount shown to be enforceable.

NOTICE: Your claim may be reduced, modified, or eliminated. Review this notice and the objection carefully and discuss them with your attorney, if you have one.

If you oppose the proposed relief, you or your lawyer must file a hearing request or written response explaining your position by December 31, 2026.

Those who may not file electronically must deliver their request or response by mail, courier, overnight or express mail, or in person to the United States Bankruptcy Court, Sylvia H. Rambo U.S. Courthouse, 1501 North 6th Street, Harrisburg, PA 17102. The Court must receive the request or response by the stated deadline.

Send a copy to Kara K. Gendron, Esquire, Mott & Gendron Law, 125 State Street, Harrisburg, PA 17101.

If you or your attorney take no action by the deadline, the Court may enter an order affecting your claim.

Date of notice: November 25, 2026

Respectfully submitted,

/s/ Kara K. Gendron

______________________________

Kara K. Gendron, Esquire
Attorney ID #: 87577
**MOTT & GENDRON LAW**
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
kara.gendron@mottgendronlaw.com

**LOCAL BANKRUPTCY FORM 3007-1**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 13** |
| **RONALD ANDREW WIEST** | : | |
| **Debtor** | : | **CASE NO. 1:25-bk-02697** |
| | : | |
| **RONALD ANDREW WIEST** | : | |
| **Objector** | : | |
| | : | **OBJECTION TO CLAIM # 8** |
| **LEONARDO COLEMAN,** | : | |
| **Respondent/Claimant** | : | |

## OBJECTION TO PROOF OF CLAIM NO. 8

Ronald Andrew Wiest (the "Debtor"), by counsel, objects to Proof of Claim No. 8 filed by Leonardo Coleman (the "Claimant") under 11 U.S.C. § 502(b)(1) and Federal Rule of Bankruptcy Procedure 3007 and states as follows.

1. The Debtor filed a voluntary Chapter 13 petition on September 23, 2025.
2. The Claimant filed Proof of Claim No. 8 on May 6, 2026, asserting a $171,000.00 nonpriority unsecured claim. Line 8 identifies pending litigation alleging conversion, fraud, breach, and unfair trade practices. The litigation concerns the proposed sale of 337 Main Street, Lykens, Pennsylvania.
3. The proof of claim identifies Leonardo Coleman as both Debtor 1 and the creditor. It bears the case number for Ronald Andrew Wiest's Chapter 13 case. The Debtor treats the filing as Coleman's claim against the Debtor in this case and objects to its validity and amount.
4. On July 31, 2022, the Claimant initiated contact about the property in messages sent to Jose Diaz and offered $30,000.00 in cash. The Debtor disputes that he induced the Claimant to agree to that figure by fraud or misrepresentation.
5. On August 3, 2022, the parties signed a Pre-Settlement Possession Addendum (the "Addendum") authorizing the Claimant to occupy the property beginning August 25, 2022. Paragraph 3 lists the occupancy fee as "N/A." Paragraph 6 allocates specified utility and operating responsibilities to the Claimant. Paragraph 8 contains preprinted maintenance language followed by "N/A."
6. The parties also signed the Agreement for the Sale of Real Estate (the "Agreement") on August 3, 2022. Sections 1, 4, and 5 provide for a $24,200.00 purchase price and a $9,200.00 down payment to be credited at closing. Section 13 separately calls for a $5,800.00 payment for specified rehabilitation work and provides for equal sharing of specified labor and material costs. Section 16 provides for sharing dumpster costs if the parties determine a dumpster is necessary.
7. The Debtor identifies five August 2022 transfers totaling $30,500.00. The incoming wire record reflects $9,200.00 on August 5 and $8,450.00 on August 26. The Debtor reports two other wires of $5,800.00 on August 10 and $6,550.00 on August 26 to Leila Marie Snell, and a $500.00 payment on August 5 that he attributes to dumpster expenses. The Debtor disputes treating the entire $30,500.00 as a single refundable purchase deposit. The purpose,

recipient, application, and recoverability of each payment should be determined under the agreements and applicable law.

8. Section 7(a) sets September 15, 2022 as the latest scheduled closing date, subject to extension by mutual consent. The sale to the Claimant did not close. The Debtor contends that the Claimant failed to close and failed to perform his obligations concerning specified rehabilitation costs. The Debtor disputes that his own conduct prevented settlement.

9. The Addendum marks Paragraphs 4 and 12(B) "N/A." The Debtor requests that any entitlement to return of funds be determined from the payment terms of the Agreement, the parties' performance, and applicable law.

10. The Debtor reports that the Claimant occupied the property from approximately August 25, 2022 until approximately August 2023 and left waste and debris that required cleanup. The Debtor disputes the Claimant's characterization of the parties' performance and the handling of the transferred funds.

11. The Debtor reports approximately $24,000.00 in rehabilitation expenses and contends that Section 13 allocates one half of qualifying expenses to the Claimant. Any credit must be limited to proven costs within the agreed scope and account for amounts already paid or applied, including any portion of the $5,800.00 rehabilitation payment actually applied to those costs.

12. Paragraph 3 of the Addendum lists the occupancy fee as "N/A." The Debtor contends that, if the Claimant defaulted and his right to possession ended, any recovery arising from the failed sale should be reduced by the reasonable value of the Claimant's continued use and occupancy after that right ended. The Debtor estimates that value at $850.00 per month. At that rate, twelve months would total $10,200.00, and thirteen months would total $11,050.00. The Debtor seeks a reduction only for the period and amount established by the evidence and recoverable under the Agreement, the Addendum, and applicable law.

13. The Debtor contends that the Claimant left sewage, trash, and debris at the property when he vacated it. The Debtor reports approximately $4,858.00 in related cleanup and remediation costs and Borough fines. If the Court determines that the Claimant is entitled to a refund, the Debtor seeks to reduce that refund by the portion of these amounts shown to be attributable to the Claimant's use and occupancy and recoverable under the parties' agreements or applicable law, after accounting for any prior payments and avoiding duplication of rehabilitation costs.

14. If the Court determines that any portion of the $30,500.00 in transfers is refundable, the Debtor requests that the Court reduce any refund by amounts established by the evidence and recoverable through recoupment or setoff. Those amounts include up to $12,000.00 for the Claimant's share of qualifying rehabilitation costs under Section 13 of the Agreement of Sale, the reasonable value of the Claimant's continued use and occupancy at an estimated $850.00 per month for the period established under Paragraph 12 of this Objection, and up to $4,858.00 in recoverable cleanup and related costs described in Paragraph 13 of this Objection. The Debtor requests that the Court account for payments already made or applied and exclude any duplicative amounts. The Debtor seeks only a reduction of any allowed claim.

15. The property later sold to a third party on August 19, 2024. The HUD-1 settlement statement reflects a $31,000.00 gross contract price and $25,735.06 cash to the seller. The resale supplies transaction history relevant to the extent it bears on the claimed damages.

16. The Debtor disputes the elements of the asserted causes of action and the basis, causation, and amount of each requested category of damages or other relief. Sections 12 and 23 describe the purchase as "as is," and Section 23 records the Claimant's agreement to waive a home inspection. The Debtor relies on these provisions as evidence of the agreed terms and disputes that he misrepresented or concealed the condition of the property.

17. The proof of claim states a lump sum of $171,000.00 and indicates that the amount includes no interest or other charges. The filed Form 410 contains no damages calculation, and the supplied filing comprises only the three pages of the form. The Debtor disputes the factual and legal basis for the amount and requests proof of each component, including any refund or other damages the Claimant seeks.

18. The Debtor denies directing the Claimant to structure payments. The August 4, 2022 sender screenshots show wire attempts pending review, and a wire verification screen describes a $9,200.00 transfer as a deposit for the property. The incoming wire record shows one $9,200.00 credit on August 5, 2022.

19. In Dauphin County Case No. 2023-CV-00750, the docket reflects an unsuccessful service return in February 2023. It also reflects reinstatement of the complaint on December 15, 2025, filing of an amended complaint on February 23, 2026, an unsuccessful March 10, 2026 service attempt, an April 8, 2026 order granting alternate service, and an April 16, 2026 sheriff's return reporting posting at the Debtor's last known address. In separate Case No. 2025-CV-02852, the April 22, 2025 return shows unsuccessful service of a writ of summons. The supplied docket excerpts identify no judgment fixing liability or damages.

20. The Debtor states that he had no notice of Case No. 2023-CV-00750 when he filed his bankruptcy petition. The available sheriff's returns reflect unsuccessful attempts before the petition and report posting on April 16, 2026. The February 3, 2026 order granting leave to amend (Exhibit F) preceded the reported posting and did not determine liability or damages. To the extent the February 3 order and subsequent filings and service continued a prepetition action against the Debtor while the automatic stay was in effect and without stay relief, those acts are void as to the Debtor. 11 U.S.C. § 362(a)(1); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991).

21. Under 11 U.S.C. § 502(b)(1), the Court disallows a claim to the extent it is unenforceable under an agreement or applicable law. To the extent the claim is based on a writing, Rule 3001(c)(1) requires the writing or, if lost or destroyed, a statement explaining the circumstances. The Debtor disputes that the Form 410 and its bare reference to pending litigation establish prima facie evidence of liability or the amount under Rule 3001(f).

22. The Debtor requests disallowance of Claim No. 8 in its entirety or, alternatively, allowance only to the extent the Court determines the claim is enforceable after applying any proven and legally available reduction.

WHEREFORE, the Debtor respectfully requests that the Court sustain this objection and disallow Claim No. 8 in its entirety or, alternatively, allow only the amount the Court determines to be enforceable.

Respectfully submitted,

/s/ Kara K. Gendron

____________________________

Kara K. Gendron, Esquire
Attorney ID #: 87577

**MOTT & GENDRON LAW**
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
kara.gendron@mottgendronlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 13** |
| **RONALD ANDREW WIEST** | : | |
| | : | **CASE NO. 1:25-bk-02697** |
| **Debtor** | : | |
| | : | |
| **RONALD ANDREW WIEST** | : | |
| **Objector** | : | **OBJECTION TO CLAIM # 8** |
| | : | |
| **LEONARDO COLEMAN,** | : | |
| **Respondent/Claimant** | : | |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on November 25, 2026, I served a copy of the foregoing documents electronically or by placing the same in the United States Mail, First Class, postage prepaid, addressed to the following parties:

JACK N. ZAHAROPOULOS
STANDING CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE, SUITE A
HUMMELSTOWN, PA 17036
ecf@pamd13trustee.com

Leonardo Coleman
c/o Shawn Westhafer, Law Offices of Peter J. Russo, P.C.
245 Grandview Avenue, Suite 102
Camp Hill, PA 17011

I certify under penalty of perjury that the foregoing is true and correct.

Date: November 25, 2026

Respectfully submitted,

/s/ Kara K. Gendron

__________________________

Kara K. Gendron, Esquire
Attorney ID #: 87577
**MOTT & GENDRON LAW**
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
kara.gendron@mottgendronlaw.com

**LOCAL BANKRUPTCY FORM 3007-1**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 13** |
| **RONALD ANDREW WIEST** | : | |
| **Debtor** | : | **CASE NO. 1:25-bk-02697** |
| | : | |
| **RONALD ANDREW WIEST** | : | |
| **Objector** | : | |
| | : | **OBJECTION TO CLAIM # 8** |
| **LEONARDO COLEMAN,** | : | |
| **Respondent/Claimant** | : | |
| | : | |
| | : | |

## O R D E R

AND NOW, upon consideration of the Debtor's Objection to Proof of Claim No. 8 filed by Leonardo Coleman, and after notice and opportunity for hearing, it is ORDERED that:

1. The Objection is SUSTAINED.

2. Proof of Claim No. 8 filed by Leonardo Coleman in the amount of $171,000.00 is DISALLOWED in its entirety pursuant to 11 U.S.C. § 502(b)(1).

# AGREEMENT FOR THE SALE OF REAL ESTATE

337 Main Street, Lykens, PA 17048 ; Parcel # 38-007-029-000-0000

This "AGREEMENT FOR THE SALE OF REAL ESTATE", hereinafter the "Agreement", is made and entered into as of this 3rd day of August, 2022, between the "Buyer", Leonardo A. Coleman, of 2649 Waverly Dr., Los Angeles, California, and Ronald A. Wiest, of 4576 Back Road, Halifax, Pa. 17032, the "Seller", wherein Buyer agrees to purchase from Seller the real property located at 337 Main Street, Lykens, PA 17048 ; Parcel # 38-007-029-000-0000, all fixtures, landscaping, improvements, and appurtenances, hereinafter the "Property".

1. Purchase Price:
The purchase price for this property is $24,200.00.

2. Method of Payment :
The Method of Payment for the purchase of this property is "cash"

3. Seller acknowledges that the actual amount received from the sale and purchase may be different than the Purchase Price due to the payment of any Seller's closing costs, and or other costs associated with the sale of the Property.

4. The Buyer will present to the Seller a down payment in the amount of $9,200.00 on a date before the closing, settlement date.

5. Deposit of Earnest Money: "Earnest Money" and or Down Payment shall be applied towards the purchase Price at closing. The Earnest Money" and or Down Payment shall be deposited with the Seller in the form of a cashier's check or other form of Certified Funds such as a Money Order and or a Bank Certified Bank Check or Electronic Funds/Wire Transfer.

6. Closing Costs:
6.a. Buyer at Closing: At closing, Buyer shall pay closing costs related to this transaction including but not limited to transfer taxes, Buyer's attorney fees, if any, title exam, if any, cost to issue title policies, recording fees.
6.b. Seller at Closing: At closing, Seller shall pay any required attorney's fees, charges, and fees necessary to present and or convey a deed to the Buyer.

7. Date of Closing and Transfer of Possession:
7.a. Date of Closing: This transaction shall be closed on or before September 15, 2022 (the "Closing"), although this date may be extended upon mutual consent of each the Buyer and the Seller to extend the date of Closing/Settlement.

RAW L.C.

AGREEMENT FOR THE SALE OF REAL ESTATE
337 Main Street, Lykens, PA 17048 ; Parcel # 38-007-029-000-0000

7.b. Possession: Seller shall at Closing, or such other time as Buyer and Seller may agree upon, surrender possession of the Property to Buyer and provide an entrance door key and give to Buyer.

8. Title:
The descriptions of the Land set forth in deed shall be passed upon and conform to the applicable record title legal description contained in Seller's original deed.

9. Seller Representations:
At closing, Seller represents and warrants that there will be no Lender's Mortgage against said property.
The Seller makes no representation aside from those expressly provided in this Agreement.

10. Closing :
At Closing Seller agrees that the Property will be in at minimum substantially the same condition or better, or improved, as the condition as of the date of this agreement, when possession is transferred to Buyer.

11. Inspection:
Duty of Buyer to Inspect Neighborhood: Buyer acknowledges that (1) in every neighborhood there are conditions which different buyers may find objectionable and (2) Buyer has had the full opportunity to become acquainted with all existing neighborhood conditions (and proposed changes thereto) which could affect the Property including without limitation land-fills, quarries, high- voltage power lines, cemeteries, airports, prisons, stadiums, odor and/or noise producing land uses, crime, schools serving the Property, political jurisdictional maps and land use and transportation maps and plans. It shall be Buyer's sole duty to become familiar with neighborhood conditions of concern to Buyer. If Buyer is concerned about the possibility of a registered sex offender residing in a neighborhood in which Buyer is interested, Buyer should review the Pennsylvania Violent Sex Offender Registry available on the Pennsylvania Bureau of Investigation Website at www.state.pa.us/gbi/disclaim.html.

12. Property Sold "As-Is":
Buyer and Seller agree that Property is being sold "as-is", and with all faults including but not limited to damage from termites and other wood destroying organisms, conditions beneath ground, lead-based paint and lead-based paint hazards and any other conditions.

RAW L.C.

AGREEMENT FOR THE SALE OF REAL ESTATE
337 Main Street, Lykens, PA 17048 ; Parcel # 38-007-029-000-0000

13. Rehab and or Repair and or Remodeling prior to Settlement Date :
Prior to Settlement Buyer will deposit with Seller an amount of $5,800.00 to be used for Seller to begin and perform partial Rehab and or partial Repair and or partial Remodeling towards the Property.
Prior to Settlement Buyer and Seller agree to each pay an amount of 50% for costs of materials and 50% for costs of labor in order to perform the following :

14. Remove and Replace existing deck ledger :
Remove existing 2"x 6" deck ledger and replace with 2"x 8" deck ledger.

15. Begin removing debris from anticipation of remodeling process in interior of house and continue until a time set forth by Buyer and Seller and or continue up until Settlement.

16. Dumpster :
In the event Buyer and Seller determine a dumpster is necessary then the dumpster costs will be equally divided by Seller and Buyer.

17. Weatherproof the exposed wooden structural materials and repair the damaged rear wall. A building permit is required must be obtained prior to commencing work to reconstruct the damaged exterior wall.

18. Replace missing downspouts, replace shingles of the principal roof, and repair collapsed/removed section of the roof over the addition. A building permit is required and must be obtained prior to commencing work to repair the roof over the addition. OR the addition shall be completely removed and the house properly restored.

19. Support or remove the balcony roof.

20. Remove the three (3) doors and replace with appropriate siding or provide a stairway, porch or deck to eliminate the existing hazards OR continue work on existing deck and porch and build an above balcony and supply roof overhang support from ground, porch, deck, balcony to roof overhang by means of sufficient framework, decking, posts, etc.

21. Lead-Based Paint:
Disclosure regarding lead-based paint is required. If any portion of a residential dwelling was built prior to 1978, Seller must attach to this Agreement a Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards. For the purposes of this Agreement, "Residential Dwelling" includes painted fixtures, components, or the material used therein that were built or manufactured prior to 1978.

RAW L.C.

AGREEMENT FOR THE SALE OF REAL ESTATE
337 Main Street, Lykens, PA 17048 ; Parcel # 38-007-029-000-0000

22. Appliances :
Seller will not furnish or provide any appliances such as refrigerator(s), washer(s), dryer(s), etc.
No appliances such as refrigerator(s), washer(s), dryer(s), etc. are included in this sale.

23. Home Inspection :
Buyer agrees to waive any “Home Inspection” and Buyer understands that Seller is selling the property “As Is”

24. Title Insurance :
Buyer agrees to be responsible for Title Insurance and Buyer agrees to pay for Title Insurance if Title Insurance is obtained.

25. Settlement Costs :
Buyer agrees to pay settlement costs up to an amount of $1,800.00 (Eighteen Hundred Dollars).
Seller agrees to pay any Settlement costs exceeding an amount of $1,800.00 (Eighteen Hundred Dollars).

26. Binding Effect:
The provisions contained in this Agreement cannot be changed except by the signed and delivered written consent of both Parties.

27. Governing Law:
This agreement shall be interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

28. Executed by Buyer, Leonardo A. Coleman, on the 3rd day of August 2022.

Buyer : Leonardo A. Coleman

Signature of Buyer ______________________________ Date : August 3, 2022
Witness Signature for Buyer: ______________________________ Date

Seller : Ronald A. Wiest

Signature of Seller ______________________________ Date : 08-03-2022
Witness Signature for Seller : ______________________________ Date

# PRE-SETTLEMENT POSSESSION ADDENDUM TO AGREEMENT OF SALE

PRE

This form recommended and approved for, but not restricted to use by, the members of the Pennsylvania Association of REALTORS® (PAR).

**PROPERTY** 337 Main Street, Lykens, Pa. 17048 ; Parcel # 38-007-029-000-0000

**SELLER** Ronald A. Wiest

**BUYER** Leonardo A. Coleman

**DATE OF AGREEMENT** August 3, 2022

Seller gives Buyer the right to occupy the Property before the date of settlement under the following terms and conditions and for the limited purposes checked below:

- [X] Move in personal property (for example, furnishings) and physically occupy the Property.
- [ ] Store personal property without physically occupying the Property. N / A
- [ ] Store personal property in the following areas, without physically occupying the Property: N / A.
- [X] Make repairs and/or improvements to the Property, in a professional manner, as follows: As agreed to, as stated in the Agreement For The Sale Of Real Estate , dated August 3, 2022.

1. **Occupancy Date:** Buyer will occupy the Property, as agreed to above, beginning 08-25-2022.
2. **Vacating Date:** In the event settlement does not take place, Buyer will vacate the Property on or before: Possession survives Settlement.
3. **Occupancy Fee:** Buyer agrees to pay Seller a daily Occupancy Fee of $ N / A from the Occupancy Date until settlement. On or before the Occupancy Date, Buyer agrees to pay the daily fee from the Occupancy Date to the end of the next calendar month. Thereafter, the fees will be paid in monthly installments, in advance, on or before the first day of each month. The fees will be paid directly to Seller. In the event Seller has collected any Occupancy Fees for days falling after settlement, Seller will reimburse those fees to Buyer at settlement. If settlement does not take place, Buyer will continue to pay the Occupancy Fee until Buyer vacates the Property.
4. **Deposits:** On or before the Occupancy Date, Buyer will pay an Additional Deposit on Account of the Purchase Price in the amount of $ N / A. This Additional Deposit will be paid to the Listing Broker, if any, otherwise to Selling Broker, who will retain this Deposit in an escrow account in conformity with all applicable laws and regulations. In the event settlement does not take place, and provided that Buyer has not defaulted in the performance of any provision in the Agreement of Sale or this Addendum, Buyer will be reimbursed all deposit monies paid by Buyer, less any Occupancy Fees due and owing and less sums to cover damages to the Property. N / A
5. **Property Inspection:** Before the Occupancy Date, Buyer will make the pre-settlement inspection specified in the Agreement of Sale. N / A
6. **Utilities:** Beginning on the Occupancy Date, Buyer will pay operating and utility charges connected with the use of the Property as follows:
   - [X] electricity
   - [X] water
   - [ ] gas
   - [X] lawn & shrubbery care
   - [X] garbage & trash collection
   - [X] sewage
   - [X] snow removal
   - [ ] __________
7. **Pets:** Pets allowed on the Property before settlement as follows: All Pets in Possession of the Buyer are allowed on the Property.
8. **Maintenance:** Buyer agrees to maintain the Property in its present condition, normal wear and tear excepted, and to abide by Seller's rules of occupancy, if any, as attached to this Addendum. N / A
9. **Changes to Property:** Buyer will not make any alterations or improvements to the Property unless agreed to in writing by Seller. N / A
10. **Property Insurance:** Buyer and Seller are advised to contact their insurer prior to signing this Addendum.
    - A. If Seller has fire, casualty, and Seller's liability insurance, Seller will maintain the insurance until settlement.
    - B. Seller is not responsible for personal property or other items placed on the Property by Buyer.
    - C. Buyer will obtain liability insurance coverage in the amount of $ Buyer's Discretion, naming Seller as Additional Insured. Buyer is advised to insure Buyer's personal property (contents).
11. **Entry:** Seller or Listing Broker may enter the Property at any time in the event of an emergency, otherwise on a weekly basis, with 24 hours' prior notice to Buyer. N / A
12. **Buyer's Default:** The time for the performance of any of the obligations of this Addendum are hereby agreed to be of the essence. Should Buyer violate or fail to perform under the terms of this Addendum or of the Agreement of Sale:
    - A. Buyer will immediately vacate the Property and Seller will be entitled to immediate possession. Buyer agrees that Seller may institute proceedings to recover possession without first giving Buyer notice. N / A
    - B. Seller has the option of retaining all deposit monies paid on account of purchase price as provided in the Agreement of Sale and any other monies as required by this Addendum. N / A
    - C. In the event that Seller institutes legal proceedings to recover sums due and owing under the terms of this Addendum or to have Buyer removed from the Property, Buyer will pay to Seller all costs that Seller incurs as a result, including court costs and attorneys' fees. N / A
13. **Assignment:** Buyer may not assign Buyer's rights under this Addendum or lease the Property to any person(s) or entity.
14. **Indemnification: Buyer will indemnify and hold harmless SELLER, all BROKERS, their LICENSEES, EMPLOYEES, and any OFFICER or PARTNER of any one of them, and any other PERSON, FIRM, or CORPORATION who may be liable by or through them, from all claims, lawsuits, and actions that arise from, or occur during Buyer's occupancy or use of the Property. Buyer will defend Seller from all such suits and claims, and pay Seller's costs, including attorneys' fees and damages awarded.** N / A
15. **Conflict:** The provisions of the Agreement of Sale will remain in full force and effect except for those provisions that are changed by this Addendum.
16. **Survival:** This Addendum and related terms in the Agreement of Sale will survive settlement.
17. The "N/A" abbreviation throughout this Addendum represents the meaning, "Not Applicable"

| | | | | | |
|---|---|---|---|---|---|
| WITNESS | | BUYER | *[signature]* | DATE | 08-03-2022 |
| WITNESS | | BUYER | | DATE | |
| WITNESS | | BUYER | | DATE | |
| WITNESS | | SELLER | *Ronald A. Wiest* | DATE | 08-03-2022 |
| WITNESS | | SELLER | | DATE | |
| WITNESS | | SELLER | | DATE | |

Pennsylvania Association of REALTORS®

**From:** josediaz416m@gmail.com,
**To:** Runniewiest@aol.com,
**Subject:** Fwd: New text message from (323) 252-6713
**Date:** Sat, Aug 6, 2022 12:45 pm
**Attachments:** noname (756K)

---

## Forwarded Conversation
**Subject: New text message from (323) 252-6713**
------------------------

From: **(323) 252-6713** <17178960869.13232526713.VDl5DmR3Lh@txt.voice.google.com>
Date: Sun, Jul 31, 2022 at 8:10 PM
To: <josediaz416m@gmail.com>

Voice

Hello there my name is Leo Coleman. [redacted] Anyhow, came across your home at 337 Main St and was wondering if it was still available and would you take cash. I have $30K in cash right now for your house.

*To respond to this text message, reply to this email or visit Google Voice.*

YOUR ACCOUNT HELP CENTER HELP FORUM

This email was sent to you because you indicated that you'd like to receive email notifications for text messages. If you don't want to receive such emails in the future, please update your email notification settings.

Google

EXHIBIT C | July 31, 2022 Offer Messages (excerpts) | 2 of 2



[redacted]

---

----------
From: **(323) 252-6713** <17178960869.13232526713.VDl5DmR3Lh@txt.voice.google.com>
Date: Sun, Jul 31, 2022 at 10:03 PM
To: <josediaz416m@gmail.com>

Voice

I will buy your house for $30k cash.

---

----------
From: **(323) 252-6713** <17178960869.13232526713.VDl5DmR3Lh@txt.voice.google.com>
Date: Mon, Aug 1, 2022 at 12:36 AM
To: <josediaz416m@gmail.com>

Voice

Great! I'm really excited!! Talk to you tomorrow

---

| | | |
|---|---|---|
| 08/26/2022 | WIRE IN T:1453 FED # 000468 / LEONARDO ALVARADO COLEMAN WIRE TRFR IN | $8,450.00 |
| 08/05/2022 | WIRE IN T:1317 FED # 000348 / LEONARDO ALVARADO COLEMAN WIRE TRFR IN | $9,200.00 |

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

# A. Settlement Statement

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265

B. Type of Loan

| | | | |
|---|---|---|---|
| 1. ☐FHA 2. ☐FmHA 3. ☐Conv. Unins. 4. ☐VA 5. ☐Conv. Ins. | 6. File Number T24-358 | 7. Loan Number | 8. Mortgage Insurance Case Number |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U. S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 08/14/2024 at 09:03 SAK

D. NAME OF BORROWER: Equity Trust Company Custodian FBO Chris Martin IRA
ADDRESS: 1594 Cumberland Street, Suite 141, Lebanon, PA 17042

E. NAME OF SELLER: Ronald A. Wiest
ADDRESS: 323 Redwood Street, Harrisburg, PA 17109

F. NAME OF LENDER:
ADDRESS:

G. PROPERTY ADDRESS: 337 Main Street, Lykens, PA 17048
Lykens Borough

H. SETTLEMENT AGENT: The Real Estate Transfer Company
PLACE OF SETTLEMENT: 279 North Zinn's Mill Road, Suite D, Lebanon, PA 17042

I. SETTLEMENT DATE: 08/19/2024

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 31,000.00 | 401. Contract sales price | 31,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 1,055.66 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes 08/19/24 to 12/31/24 | 43.86 | 406. City/town taxes 08/19/24 to 12/31/24 | 43.86 |
| 107. County taxes 08/19/24 to 12/31/24 | 58.33 | 407. County taxes 08/19/24 to 12/31/24 | 58.33 |
| 108. School Taxes 08/19/24 to 06/30/25 | 412.13 | 408. School Taxes 08/19/24 to 06/30/25 | 412.13 |
| 109. County Library 08/19/24 to 12/31/24 | 2.96 | 409. County Library 08/19/24 to 12/31/24 | 2.96 |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 32,572.94 | **420. GROSS AMOUNT DUE TO SELLER** | 31,517.28 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | | 502. Settlement charges to seller (line 1400) | 5,782.22 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan | |
| 205. | | 505. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 5,782.22 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 32,572.94 | 601. Gross amount due to seller (line 420) | 31,517.28 |
| 302. Less amounts paid by/for borrower (line 220) | | 602. Less reduction amount due seller (line 520) | 5,782.22 |
| **303. CASH FROM BORROWER** | 32,572.94 | **603. CASH TO SELLER** | 25,735.06 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide the Settlement Agent with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law.
Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: ________________ / ________________ SELLER(S) SIGNATURE(S): *Ronald A. Wiest* / ________________

SELLER(S) NEW MAILING ADDRESS: ________________________________

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

File Number: T24-358

PAGE 2

## SETTLEMENT STATEMENT

TitleExpress Settlement System Printed 08/14/2024 at 09:03 SAK

| L. SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $31,000.00 @ 0.000 = | | |
| Division of commission (line 700) as follows: | | |
| 701. $ to | | |
| 702. $ to | | |
| 703. Commission paid at Settlement | | |
| 704. No commission | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee % | | |
| 802. Loan Discount % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. Lender's Inspection Fee | | |
| 806. Mortgage Application Fee | | |
| 807. Assumption Fee | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest From to @$ /day | | |
| 902. Mortgage Insurance Premium for to | | |
| 903. Hazard Insurance Premium for to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance mo. @ $ /mo | | |
| 1002. Mortgage Insurance mo. @ $ /mo | | |
| 1003. City Property Tax mo. @ $ /mo | | |
| 1004. County Property Tax mo. @ $ /mo | | |
| 1005. School Taxes mo. @ $ /mo | | |
| 1009. Aggregate Analysis Adjustment | | |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or closing fee to Anthony J. Fitzgibbons, Esquire | | 200.00 |
| 1102. Abstract or title search | | |
| 1103. Title examination | | |
| 1104. Title insurance binder | | |
| 1105. Deed Preparation to Anthony J. Fitzgibbons, Esquire | | 250.00 |
| 1106. Notary Fees to Anthony J. Fitzgibbons, Esquire | 10.00 | 5.00 |
| 1107. Attorney's fees | | |
| (includes above items No: ) | | |
| 1108. Title insurance to Fidelity National Title Insurance Company | 576.41 | |
| (includes above items No: ) | | |
| 1109. Lender's Policy | | |
| 1110. Owner's Policy 31,000.00 - 576.41 | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed $106.75 ; Mortgage $ ; Release $ | 106.75 | |
| 1202. City/County tax/stamps Deed $310.00 ; Mortgage $ | 310.00 | |
| 1203. State Tax/stamps Deed $310.00 ; Mortgage $ | | 310.00 |
| 1204. | | |
| 1205. Wire Fee to Fulton Bank, N.A. | 30.00 | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. Reimb. Del. Tax Cert. to Anthony J. Fitzgibbons, Esquire | | 15.00 |
| 1302. Reimb. Co/Muni. Tax Cert. to Anthony J. Fitzgibbons, Esquire | | 10.00 |
| 1303. Final Water/Sewer to Lykens Borough | | 145.20 |
| 1304. 2020-2023 Delinquent Taxes to Tax Claim Bureau | | 4,021.87 |
| 1305. 2024 County and Municipal to Dauphin County Treasurer | | 313.62 |
| 1306. 2024-2025 School Taxes to Dauphin County Treasurer | | 466.53 |
| 1307. Overnight for Tax/Certs/Recorto United Parcel Service | 22.50 | 45.00 |
| 1308. | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | 1,055.66 | 5,782.22 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

[signature] Ronald A. Wiest

Equity Trust Company Custodian FBO Chris Martin IRA ______ Ronald A. Wiest ______

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause funds to be disbursed in accordance with this statement.

Settlement Agent ______ Date ______

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U. S. Code Section 1001 and Section 1010.

2-3-26

ORIGINAL

| | |
|---|---|
| LEONARDO COLEMAN, | : IN THE COURT OF COMMON PLEAS, |
| | : DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff | : |
| v. | : NO. 2023-CV-00750 |
| RONALD WIEST and LEELA WIEST, | : |
| Defendants | : CIVIL ACTION - LAW |

RECEIVED OFFICE OF PROTHONOTARY 2026 FEB -3 PM 12:43 DAUPHIN COUNTY PENNA

**ORDER**

**AND NOW**, this 3RD day of February, 2026, upon consideration of Plaintiff's Motion for Leave to Amend Complaint and Defendants' failure to respond thereto, it is hereby ORDERED that Plaintiff's Motion is GRANTED. Plaintiff shall file an Amended Complaint that is substantially similar to the proposed Amended Complaint attached to the Motion within twenty (20) days of the date of this Order.

BY THE COURT:

[signature]

Andrew H. Dowling, J.

Distribution:
The Hon. Andrew H. Dowling
Sara Shaffer, Deputy Court Administrator (Civil)
Shawn Westhafer, Esq., Law Offices of Peter J. Russo, P.C., 245 Grandview Avenue, Suite 102, Camp Hill, PA 17011
Ronald Wiest and Leela Wiest, 323 Redwood Street, Harrisburg, Pa 17109